36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Irina VOLKOVA, Alisa Gandina and Natalia Volkova, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 Nos. 94-9503, Ajy-vkf-apc, Alm-qzi-pnl, Aka-lxn-fae.
 United States Court of Appeals, Tenth Circuit.
 Sept. 27, 1994.
 
 1
 Before TACHA, BRORBY, Circuit Judges, and KANE,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioners seek review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of petitioners' applications for asylum and withholding of deportation on the grounds set forth in the IJ's opinion. Petitioner Irina Volkova, with her young children Natalia Volkova and Alisa Gandina, came to the United States in March 1990 from Russia on a six-month visitor's visa. Since their arrival in the United States, petitioners have been living with Alisa's father, a Soviet Jew who immigrated to the United States in November 1987, shortly before Alisa's birth. Neither Irina nor Natalia Volkova are Jewish, but petitioners allege that they have been persecuted, and will suffer future persecution if they return to Russia, because of Alisa's Jewish heritage.
 
 
 4
 The Attorney General has discretion to grant asylum to an otherwise deportable alien who qualifies as a "refugee" within the meaning of 8 U.S.C. 1101(a)(42)(A). Id. 1158(a). "[A] grant of asylum requires two steps." Kapcia v. INS, 944 F.2d 702, 706 (10th Cir.1991). At the first step, the asylum applicant must establish that he or she is eligible for refugee status, which requires the applicant to present specific facts showing either past persecution or a genuine and reasonable fear of future persecution " 'on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Id. at 706 (quoting 8 U.S.C. 1101(a)(42)).
 
 
 5
 " '[An] applicant's uncorroborated testimony will be insufficient to meet the evidentiary burden unless it is credible, persuasive, and points to specific facts that give rise to an inference that the applicant has been or has a good reason to fear that he or she will be singled out for persecution.' " Id. at 707 n. 3 (quoting Carvajal-Munoz v. INS, 743 F.2d 562, 574 (7th Cir.1984)).
 
 
 6
 We review the BIA's determination of refugee status under a substantial evidence standard. INS v. Elias-Zacarias, 502 U.S. 478, 112 S.Ct. 812, 815 (1992)("The BIA's determination that [the alien] was not eligible for asylum must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' ") (quoting 8 U.S.C. 1105a(a)(4)).[2]
 
 
 7
 Once the asylum applicant shows that he or she qualifies for refugee status, the applicant must then show, at step two of the process, that circumstances warrant a favorable exercise of discretion. See INS v. Cardoza-Fonseca, 480 U.S. 421, 428 n. 5 (1987); Kapcia, 944 F.2d at 708. In this case, neither the IJ nor the BIA considered whether asylum would be appropriate in the exercise of discretion, because both concluded that petitioners failed to make the necessary showing at step one of the inquiry.
 
 
 8
 Based upon our review of the record, we conclude that substantial evidence in the record supports the BIA's determination that petitioners failed to establish that they were victims of past persecution on account of Alisa's Jewish heritage. The incidents to which petitioner Irina Volkova testified do not rise to the level of persecution, and nothing but pure speculation supports her theory that the incidents occurred because Alisa's father is Jewish.
 
 
 9
 We further conclude that substantial evidence supports the BIA's determination that petitioners failed to establish a well-founded fear of future persecution if they return to Russia. Although the evidence showed that anti-Semitism exists in Russia and may be on the rise, the evidence did not establish a " 'reasonable possibility,' " Cardoza-Fonseca, 480 U.S. at 440 (quoting INS v. Stevic, 467 U.S. 407, 425 (1984)), that petitioners, two of whom are not Jewish, will be singled out for persecution in the future.[3] Further, as the IJ correctly noted, "private discrimination is not the same as persecution by the government." R. at 34; see also, De Souza v. INS, 999 F.2d 1156, 1159 (7th Cir.1993); Zulbeari v. INS, 963 F.2d 999, 1001 (7th Cir.1992). Finally, the evidence of record does not support petitioners' allegations that they may be persecuted upon their return to Russia because they sought asylum in the United States.
 
 
 10
 Having properly concluded that petitioners failed to establish their eligibility for asylum, the BIA correctly ruled that petitioners could not meet the higher eligibility requirements for withholding of deportation. See Castaneda v. INS, 23F.3d 1576, 1578 (10th Cir.1994). The BIA granted petitioners thirty days from the date of its order to depart the United States voluntarily, but petitioners did not depart. Petitioners now seek an extension or reinstatement of the thirty-day period from this court. As we explained in Castaneda, we have no authority to grant such relief. Id. at 1578-83.
 
 
 11
 The order of the Board of Immigration Appeals is AFFIRMED, and petitioners' request for reinstatement or extension of their voluntary departure date is DENIED without prejudice to a request properly addressed to the district director.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In light of the Supreme Court's holding in Elias-Zacarias, as well as our consistent application of the substantial evidence standard at step one of the asylum inquiry, e.g., Castaneda v. INS, 23 F.3d 1576, 1578 (10th Cir.1994); Bartesaghi-Lay v. INS, 9 F.3d 819, 822 (10th Cir.1993); Baka v. INS, 963 F.2d 1376, 1379 (10th Cir.1992); Kapcia, 944 F.2d at 707, we reject petitioners' argument that we should review the BIA's decision at this step de novo
 
 
 [3]
 Petitioners argue that in light of 8 C.F.R. 208.13(b)(2)(i) and certain provisions of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1990, Pub.L. No.101-167, Title V, 599D, 103 Stat. 1195, 1261-62 (1989)(codified as a note under 8 U.S.C. 1157), they "need not establish that [they] would be 'singled out individually for persecution' if [they] can establish that [they are] included and identified with a group of similarly situated persons who have experienced a pattern and practice of persecution such that [their] fear of persecution is reasonable." Petitioners' Reply Br. at 13. Petitioners did not raise this argument in the proceedings before the IJ and the BIA, and did not raise it in this court until they filed their reply brief. Under the circumstances, we will not consider the merits of this argument. See, e.g., Codner v. United States, 17 F.3d 1331, 1332 n. 2 (10th Cir.1994)(deeming issue abandoned that was not raised until reply brief); Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989)(noting general rule that circuit court will not consider argument raised for first time on appeal)