41 F.3d 1512
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tadeusz ZIELINSKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-2924.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Nov. 1, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Tadeusz Zielinski is a native of Poland who was active in the Solidarity movement during the early 1980s. As a result of his Solidarity activities, Zielinski was arrested and detained by police several times. In 1984, he left Poland and entered the United States. Upon expiration of his visa, Zielinski applied for political asylum and withholding of deportation, but his application was denied. The Board of Immigration Appeals ("BIA") dismissed Zielinski's appeal, and he seeks review of the BIA's decision. We affirm.
 
 I. FACTS
 
 2
 Tadeusz Zielinski entered the United States in October 1984 on a nonimmigrant visa which expired in April 1985. In January 1988, Zielinski applied to the Immigration and Naturalization Service ("INS") for political asylum, and his application was denied. In October 1989, the INS issued Zielinski an Order to Show Cause why he should not be deported as an alien who had overstayed his visa. In January 1990, the INS commenced deportation proceedings against Zielinski. Zielinski conceded that he qualified for deportation, but sought renewal of his asylum application. He was granted a continuance so he could apply again for asylum.
 
 
 3
 At his deportation hearing, Zielinski testified that he joined Solidarity at his workplace in December 1980. He distributed pro-Solidarity flyers at work and at railroad stations. Zielinski asserted that he first came under the scrutiny of the Polish authorities in December 1982, when he was arrested on his way to work and then detained at a police station for twenty-four hours. At the station, he testified, the police questioned him and made threatening comments about his wife and child. Zielinski also claimed that he was arrested on three occasions in 1983 while participating in strikes, and was held each time for twenty-four to seventy-two hours. After these incidents, Zielinski testified, he got "nerve sickness" and lost weight. (R. at 36.) Zielinski further testified that after he arrived in the United States, Polish authorities searched his home and inquired as to his whereabouts "so they can arrest me." (R. at 40.)
 
 
 4
 The Office of the Immigration Judge forwarded a copy of Zielinski's asylum application to the State Department's Bureau of Human Rights and Humanitarian Affairs ("Bureau") for comments. After reviewing Zielinski's application, the Director of the Bureau's Office of Asylum Affairs advised the Immigration Judge that in the Bureau's opinion, Zielinski had not established a well-founded fear of future persecution. With regard to Zielinski's concerns about the Polish police, the Director stated that the arrangement of an Interior Minister accountable to both the Prime Minister and the Parliament "seriously impede[d] any use of the Interior Ministry against the citizenry." (R. at 79.) The Director also asserted that the activities cited by Zielinski were not the sort which would support a well-founded fear of persecution upon his return to Poland.
 
 
 5
 The immigration judge denied Zielinski's application for asylum and withholding of deportation. In his oral decision, the judge ruled that Zielinski had failed to establish a well-founded fear that he would be persecuted in the future if he were returned to Poland. The judge noted that Zielinski relied solely on "self-serving" and "unsupported" statements and failed to corroborate his claim of arrests. (R. at 25.) The judge added that, even if Zielinski's testimony were assumed to be true, Zielinski's fear of future persecution was undermined by Solidarity's participation in Poland's ruling coalition government, dating back to September 10, 1989. The judge ordered that in lieu of deportation, Zielinski be granted voluntary departure for ninety days, to August 3, 1990. Zielinski appealed to the Board of Immigration Appeals, arguing that the immigration judge incorrectly dismissed his asylum petition.
 
 
 6
 The BIA dismissed the appeal, ruling that Zielinski had failed to demonstrate a well-founded fear of persecution based on his Solidarity activities. In so ruling, the BIA noted the changed conditions in Poland, including the fact that the Solidarity movement now constituted part of Poland's coalition government.
 
 II. ANALYSIS
 
 7
 Zielinski contends on appeal that the BIA applied an improper legal standard in denying him asylum and withholding of deportation. He argues that because neither the immigration judge nor the BIA made adverse findings about his credibility, a reviewing court should presume his testimony about having a well-founded fear of persecution to be credible. We disagree.
 
 
 8
 An applicant for asylum bears the burden of proving that he or she is unable or unwilling to return to his or her country because of past persecution, or a well-founded fear of persecution because of race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. Sec. 1101(a)(42); Sivaainkaran v. INS, 972 F.2d 161, 163 (7th Cir.1992). To prove a well-founded fear of persecution, the asylum applicant must show that his or her fear is not only genuine, but also reasonable. Milosevic v. INS, 18 F.3d 366, 370 (7th Cir.1994). This court has consistently required such applicants to present "specific, detailed facts" demonstrating a good reason to fear that they will be singled out for persecution. Id. (quoting Zulbeari v. INS, 963 F.2d 999, 1000 (7th Cir.1992)).
 
 
 9
 We review the BIA's determination that an alien is ineligible for asylum under the "substantial evidence" test. Milosevic, 18 F.3d at 370. Under this highly deferential standard of review, we will uphold the BIA's determination if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. Sec. 1105(a)(4). We may reverse the BIA's determination of ineligibility "only if the evidence is so 'compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Sivaainkaran, 972 F.2d at 163 (quoting INS v. Elias-Zacarias, 112 S.Ct. 812, 817 (1992)).
 
 
 10
 Zielinski has not met his burden of convincing us that the BIA "gave short shrift" to the evidence he presented. Kaczmarczyk v. INS, 933 F.2d 588, 595 (7th Cir.), cert. denied, 112 S.Ct. 583 (1991). The only evidence he offered was his testimony that he distributed leaflets and that he was arrested and detained on five separate occasions for distributing pro-Solidarity flyers. Although Zielinski stated in his asylum application that he would produce documents corroborating his claim of arrest by Polish authorities, he failed to present any such documents. Furthermore, Zielinski has not alleged facts sufficient to place him within that category of cases in which "[t]he experience of persecution may so sear a person with distressing associations with his native country that it would be inhumane to force him to return there, even though he is no danger of further persecution." Skalak v. INS, 944 F.2d 364, 365 (7th Cir.1991). Given that Solidarity now participates in Poland's governing coalition, a fact of which the BIA properly took administrative notice, see Kaczmarczyk, 933 F.2d at 593-94; Kubon v. INS, 913 F.2d 386, 388 (7th Cir.1990), Zielinski's testimony provides no basis for his claim of a "well-founded fear" of persecution by the Polish police.
 
 
 11
 Zielinski also suggests that he may face persecution if he returns to Poland because criminal prosecution charges may be pending against him. He has not, however, described any of these pending charges. He did not offer any such evidence in his asylum application, at his hearing before the immigration judge, or in his appeal to the BIA. In any event, because Zielinski never raised this issue before the BIA, he is precluded from raising it now. Ademi v. INS, 31 F.3d 517, 520 (7th Cir.1994).
 
 
 12
 The evidence in the record falls far short of the specific and detailed facts that would "compel" us to reverse the BIA's ruling that Zielinski failed to demonstrate a well-founded fear of persecution. Milosevic, 18 F.3d at 372. We believe that substantial evidence supports the BIA's denial of Zielinski's petition for asylum. Consequently, we need not decide whether Zielinski is ineligible for withholding of deportation; his failure to establish a well-founded fear of persecution necessarily implies that he is unable to prove a clear probability of persecution, as required by section 243(h). 8 U.S.C. Sec. 1253(h); Khano v. INS, 999 F.2d 1203, 1209 (7th Cir.1993).
 
 
 13
 The evidence in Zielinski's favor is not so compelling that any reasonable factfinder would have to conclude that the requisite fear of persecution existed. Elias-Zacarias, 112 S.Ct. at 817. We AFFIRM the BIA's dismissal of this appeal.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record