# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-60926
Summary Calendar

PEDRO JULIAN PEREZ AJPOP

Petitioner

v.

ERIC H HOLDER, JR, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A88 059 484

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pedro Julian Perez Ajpop petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's decision to deny: (1) his request for asylum and withholding of removal under the Immigration and Nationality Act (INA), and (2) relief under the Convention Against Torture (CAT). Ajpop contends only that the BIA erred in determining that he had not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established entitlement to asylum and withholding of removal under the INA. (Restated, Ajpop has failed to brief any issues related to the BIA's rejection of his CAT claim. Accordingly, those issues are waived. *See Rodriguez v. INS*, 9 F.3d 408, 414 n.15 (5th Cir. 1993); *Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).)

A BIA decision that a petitioner is not eligible for asylum or withholding of removal under the INA is upheld if it is supported by substantial evidence. *See Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994). The substantial-evidence standard mandates affirming the BIA's decision "unless the evidence compels a contrary conclusion". *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

The record reflects that the harm alleged by Ajpop, which may fairly be characterized as insults and threats made by individuals who did not act under official sanction, and whose dispute with Ajpop involved personal matters, is insufficient to establish the requisite past persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 188, 190 (5th Cir. 2004); *see also Thuri v. Ashcroft,* 380 F.3d 788, 792-93 (5th Cir. 2004). Additionally, the record lacks "specific, detailed facts showing a good reason to fear that [Ajpop] will be *singled out* for persecution" if he is returned to Guatemala. *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994) (quoting *Zulbeari v. INS*, 963 F.2d 999, 1000 (7th Cir. 1992)) (emphasis in original).

In the light of these factors, the BIA's decision concerning Ajpop's INA claims is supported by substantial evidence, and the record does not compel a contrary conclusion. *See Carbajal-Gonzalez*, 78 F.3d at 197.

DENIED.