IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60694
Summary Calendar

_____


RUBEN ISAAC DELEON-HOLGUIN,

Petitioner,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent.
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

June 7, 2001

Before JOLLY, SMITH, and DeMOSS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Ruben Isaac DeLeon-Holguin ("DeLeon"), a citizen of the Dominican Republic, was ordered removed from the United States because of his conviction for an aggravated felony. After the immigration court and the Board of Immigration Appeals decided that he was ineligible for relief from removal, DeLeon petitioned this court for review of his removal order. The Immigration and Naturalization Service, however, contends that we have no jurisdiction to review the removal order against DeLeon.

1

The specific question is whether the removal proceedings against DeLeon "commenced" before or after the April 1, 1997, effective date of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which proscribes judicial review of certain removal orders. Because we conclude that the removal proceedings against DeLeon commenced in 1999 when the appropriate charging document was filed with the immigration court, we hold that we have no jurisdiction to review the removal order.

I

DeLeon is a native and citizen of the Dominican Republic who lawfully entered the United States as an immigrant in 1983. In August 1995, DeLeon was convicted in the United States District Court for the District of Rhode Island of conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. § 846. DeLeon was sentenced to 72 months' imprisonment.

In October 1995, while DeLeon was incarcerated in a federal corrections institution in Loretto, Pennsylvania, officials from the Immigration and Naturalization Service office in Providence, Rhode Island, served DeLeon with an "Order to Show Cause and Notice of Hearing" ("OSC"). The OSC informed DeLeon that he was subject to deportation because he had been convicted of an aggravated felony and had violated federal controlled substances laws. An attachment to the OSC explicitly stated that DeLeon's OSC "is not being filed with the Office of the Immigration Judge at this time"

2

and that the INS would notify DeLeon when an immigration judge had been assigned to his case. However, the INS never filed the OSC with an immigration court, and no further action was taken at that time.

In October 1999, after DeLeon had been transferred to a federal detention center in Oakdale, Louisiana, officials from the INS office in Oakdale served DeLeon with a "Notice to Appear" ("NTA"), charging that DeLeon was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because his drug conviction qualified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43). This time, the INS filed the NTA with the immigration court.

In January 2000, DeLeon appeared before an immigration judge and, through his counsel, admitted the allegations of the NTA and conceded removability. DeLeon then sought a waiver of deportation under former section 212(c) of the Immigration and Nationality Act. The immigration judge found DeLeon ineligible for any relief from removal and ordered him removed from the United States.

DeLeon appealed his removal order to the Board of Immigration Appeals, and the BIA affirmed the judgment and dismissed the appeal. In October 2000, DeLeon filed this petition for review of the BIA's decision,[1] contending that the district court and the BIA

---

[1]Shortly before filing his petition for review with this court, DeLeon filed a petition for a writ of habeas corpus in the United States District Court in Rhode Island. We held the instant petition for review in abeyance until the district court in Rhode Island had disposed of DeLeon's habeas petition. The district court has since dismissed the petition.

erred in holding that he was ineligible to seek a waiver of deportation under former section 212(c) of the INA. The INS then filed a motion to dismiss DeLeon's petition for lack of jurisdiction. The INS contends that the IIRIRA deprives this court of jurisdiction to review the removal order against DeLeon.[2]

## II

### A

The IIRIRA's amendments to the INA deprive the federal courts of jurisdiction to review removal orders against aliens convicted of aggravated felonies. See 8 U.S.C. § 1252(a)(2)(C) ("Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) [the aggravated felony provision]. . . ."). It is undisputed that DeLeon is an alien who is removable because his federal drug conviction qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2).

The question before us is whether the IIRIRA governs DeLeon's petition for review. As this court has noted before, the IIRIRA's restrictions on judicial review apply only to cases in which removal proceedings were commenced on or after April 1, 1997, the

---

[2]Of course, we retain jurisdiction to determine whether the conditions exist that would preclude jurisdiction over this petition. Lopez-Elias v. Reno, 209 F.3d 788, 791 n.3 (5th Cir. 2000); Max-George v. Reno, 205 F.3d 194, 199 (5th Cir. 1999).

4

effective date of the IIRIRA. <u>Lopez-Elias</u>, 209 F.3d at 790 n.1. Thus, whether this court has jurisdiction over DeLeon's petition depends upon whether removal proceedings were commenced when the INS served the Order to Show Cause on DeLeon in 1995 or when the INS filed the Notice to Appear with the immigration court in 1999.

B

The INS contends that the removal proceedings against DeLeon commenced in 1999 when the INS filed the NTA with the immigration court in Oakdale, Louisiana. According to INS regulations, removal proceedings "commence when a charging document is filed with the Immigration Court." 8 C.F.R. § 3.14(a).[3] In the INS's opinion, the 1995 Order to Show Cause is irrelevant to our inquiry because the INS never filed the OSC with the immigration court.

Whether to use the INS's regulatory definition of "commence" for the purpose of determining whether the IIRIRA applies is a question of first impression in this circuit. The other circuits that have addressed this issue have not reached a consensus.

DeLeon, relying on decisions from the First and Eleventh Circuits, contends that removal proceedings commence when an order to show cause is served on the alien. <u>See</u> <u>Wallace v. Reno</u>, 194 F.3d 279 (1st Cir. 1999); <u>Alanis-Bustamante</u>, 201 F.3d at 1309. The

_____

[3]Similarly, the relevant regulation in 1995 provided that, as a general rule, a deportation proceeding "is commenced by the filing of an order to show cause with the Office of the Immigration Judge." 8 C.F.R. § 242.1 (1995)(repealed)(quoted in <u>Alanis-Bustamante v. Reno</u>, 201 F.3d 1303, 1308-09 (11th Cir. 2000)).

5

First Circuit focused on the reliance interests of the alien and held that "when an order to show cause is served on the alien, the deportation process has effectively begun and expectations properly form. . . ." <u>Wallace</u>, 194 F.3d at 287. The Eleventh Circuit agreed that "the alien's perspective is the relevant one for determining when a proceeding commences for purposes of deciding which statutory rules apply." <u>Alanis-Bustamante</u>, 201 F.3d at 1309 (holding that proceedings commence when the order to show cause is served on the alien *and* the INS has filed a warrant of detainer). The court went on to say that the application of the INS's regulatory definition of "commence" would undermine the "reasonable expectations" of removable aliens and would be inconsistent with fundamental "[c]onsiderations of fairness." <u>Id.</u> at 1310.

The Sixth and Seventh Circuits, on the other hand, have adopted the INS's definition of "commence" for the purpose of determining whether the IIRIRA applies. <u>See</u> <u>Asad v. Reno</u>, 242 F.3d 702, 706 (6th Cir. 2001); <u>Morales-Ramirez v. Reno</u>, 209 F.3d 977, 981-82 (7th Cir. 2000). Emphasizing that the courts generally defer to procedural regulations governing administrative practice, these circuits have elected not to formulate a definition of "commence" that is completely inconsistent with the definition used by the INS. <u>Morales-Ramirez</u>, 209 F.3d at 982. As we see it, a clear and uniform rule regarding when proceedings commence enables the courts to avoid speculative and fact-intensive questions, such

6

as when a particular alien formed "legitimate expectations" regarding relief from removal. Moreover, applying the INS's regulatory definition of "commence" will prevent unnecessary confusion and uncertainty within the INS. As the Seventh Circuit observed, "The purpose of the filing requirement is to allow immigration courts to manage the vast number of cases that are litigated before them each year. Allowing proceedings to commence at whatever point the INS decides to serve a charging document on an alien would frustrate this purpose and further ensnarl the bureaucratic web of immigration proceedings." Morales-Ramirez, 209 F.3d at 982-83.

Like the Sixth and Seventh Circuits, we find no reason to formulate a rule that is at odds with the clear language of procedural regulations promulgated by the Attorney General. DeLeon has presented no evidence that removal proceedings were in any sense "pending" during his incarceration from August 1995 until late 1999. Nor is there any allegation that the INS manipulated the regulations to deprive DeLeon of his ability to request a waiver under former § 212(c).

We therefore hold that removal proceedings commence when the INS files the appropriate charging document with the immigration court. The removal proceedings against DeLeon commenced when the Notice to Appear was filed in 1999, more than two years after the effective date of the IIRIRA. Under the IIRIRA's amendments to the

7

INA, 8 U.S.C. § 1252(a)(2)(C), this court lacks jurisdiction to review DeLeon's removal order.

### III

For the reasons discussed above, the respondents' motion to dismiss the petition for lack of jurisdiction is GRANTED, and DeLeon's petition for review is

D I S M I S S E D .

8