**Israel SALAZAR, Petitioner**

v.

**John ASHCROFT, Attorney General of the United States, Respondent**

No. 01–3342.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 14, 2002.

Filed June 27, 2002.

Before: ROTH, RENDELL and
ROSENN, Circuit Judges.

## OPINION

RENDELL, Circuit Judge.

Israel Salazar petitions for review of an order of the Immigration and Naturalization Service (INS) that reinstated a previous removal order. He argues that the reinstatement of removal without a hearing violated his due process rights. We do not reach the merits of Salazar's due process claim because he has not demonstrated that he suffered actual prejudice. On this basis, we will deny the petition for review and affirm the removal order.

■ We have jurisdiction under INA 242(a)(1); 8 U.S.C. 1252. While we may not review the prior order of removal, see 8 U.S.C. 1231(a)(5), we have jurisdiction to review the reinstatement of that order. See *Ojeda–Terrazas v. Ashcroft*, 290 F.3d 292 (5th Cir.2002); *Alvarez–Portillo v. Ashcroft*, 280 F.3d 858 (8th Cir.2002); *Velasquez–Gabriel v. Crocetti*, 263 F.3d 102, 105 (4th Cir.2001); *Bejjani v. INS*, 271 F.3d 670, 674 (6th Cir.2001); *Castro–Cortez v. INS*, 239 F.3d 1037, 1044 (9th Cir. 2001). Our review of Salazar's constitutional claims is de novo. E.g., *Chong v. INS*, 264 F.3d 378, 386 (3d Cir.2001).

The INS reinstated Salazar's removal order pursuant to a provision of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) that provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

INA 241(a)(5), 8 U.S.C. 1231(a)(5). This statutory provision does not prescribe a process, but INS regulations provide that an alien in reinstatement proceedings "has no right to a hearing before an immigration judge." 8 C.F.R. 241.8(a).

Clearly "[a]liens facing removal are entitled to due process." *Chong*, 264 F.3d at 386. But it is an open question whether the INS regulation providing for reinstatement of a prior removal order without a hearing could violate due process rights. Compare *Castro–Cortez v. INS*, 239 F.3d at 1040 (stating in dicta that "we seriously doubt that the government's new reinstatement procedure comports with the Due Process Clause"), with *Alvarenga–Villalobos v. Ashcroft*, 271 F.3d 1169, 1174 (9th Cir.2001) (concluding that "[t]o preclude a second bite at the apple after an illegal reentry does not offend due process"). We do not, however, reach this question here.

To prevail on a claim that there was a due process violation, Salazar must demonstrate that he was prejudiced. See, e.g., *Ojeda–Terrazas*, 290 F.3d at 7; *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999). The immigration officer must make three determinations to establish whether an alien is subject to reinstatement of a prior removal order: "[w]hether the alien has been subject to a prior order of removal," "[t]he identity of the alien," and "[w]hether the alien unlawfully reentered the United States." 8 C.F.R. 241.8(a). If these requirements are met, "the alien shall be removed under the previous order of exclusion, deportation, or removal." 8 C.F.R. 241.8(c) (emphasis added). Salazar does not contest any of these predicate findings.

Salazar does argue that denial of a hearing affected the outcome because an Immigration Judge could allow discretionary relief and review the denial of Sala-

zar's application to adjust his status based on his marriage to a United States citizen. But 8 U.S.C. 1231(a)(5) specifically provides that someone who has reentered illegally "is not eligible and may not apply for any relief under this chapter," which includes adjustment of status. Accordingly, the argument Salazar desires to make at a hearing would not impact the outcome. Absent a showing that the lack of hearing would cause actual prejudice, Salazar cannot prevail on his due process claim.

Accordingly, we will DENY the petition for review and AFFIRM the removal order entered August 22, 2001.