IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60232
Summary Calendar

_____

MIGUEL ANGEL RUIZ-RUIZ, also known as
Miguel Angel Ruiz,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 224 615
--------------------
December 16, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Ruiz-Ruiz petitions this court for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's order denying Ruiz' application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1) and dismissing his appeal. Ruiz contends that the BIA erred by not considering factors relevant to whether he satisfied the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"exceptional and extremely unusual hardship" requirement of 8 U.S.C. § 1229b(b)(1)(D).

The Illegal Immigration Reform and Immigrant Responsibility Act's (IIRIRA) restrictions on judicial review apply to cases in which removal proceedings were commenced on or after April 1, 1997, the effective date of the IIRIRA. See DeLeon-Holquin v. Ashcroft, 253 F.3d 811, 813 (5th Cir. 2001). Under the IIRIRA, we lack subject matter jurisdiction to review claims for discretionary relief, such as cancellation of removal. See 8 U.S.C. § 1252 (a)(2)(B)(i); Eyoum v. INS, 125 F.3d 889, 891 (5th Cir. 1997). Because Ruiz' case was commenced in June 1997, after the effective date of the IIRIRA, we lack subject matter jurisdiction over this appeal.

The petition for review is DISMISSED FOR LACK OF JURISDICTION.