**Servando SIFUENTES–BARRAZA, Petitioner,**

**v.**

**Luis GARCIA, Immigration and Naturalization Service District Director, El Paso District, Respondent.**

EP–02–CA–045–DB.

United States District Court, W.D. Texas, El Paso Division.

March 21, 2003.

Victor Salas, Attorney at Law, El Paso, TX, for petitioner.

Jose J. Tavarez, Special Assistant U.S. Attorney, Immigration and Naturalization Services, El Paso, TX, for respondent.

## MEMORANDUM OPINION AND ORDER

BRIONES, District Judge.

On this day, the Court considered a "Return and Motion to Dismiss for Lack of Jurisdiction" ("Motion to Dismiss"), filed in the above-captioned cause on December 9, 2002, by Respondent Luis Garcia. Petitioner Servando Sifuentes–Barraza filed a Response on January 30, 2003.[1] For the reasons that follow, the Court is of the opinion that Respondent's Motion to Dismiss should be denied.

### BACKGROUND

Petitioner is a citizen of Mexico who was granted lawful permanent resident status on August 3, 1994. On October 5, 1995, Petitioner was convicted in the 171st Dis-

---

1. Petitioner's Response is titled "Reply to Respondent's Motion to Dismiss for Lack of Jurisdiction" and, by leave of Court, was filed more than eleven days after the instant Motion was served on Petitioner. *See* Local Court Rule for the United States District Court for the Western District of Texas CV 7(d).

trict Court of El Paso County, Texas, for the Texas offense of felony driving while intoxicated ("DWI"). On August 28, 1998, the Immigration and Naturalization Service ("INS") initiated removal proceedings by issuing a Notice to Appear ("NTA"). The NTA charged that Petitioner was subject to removal pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("the Act"), codified at 8 U.S.C. § 1227(a)(2)(A)(iii), because he had been convicted of an aggravated felony as defined in § 101(a)(43) of the Act, codified at 8 U.S.C. § 1101(a)(43). On December 7, 1998, an immigration judge ("IJ") found that Petitioner was subject to removal and ordered him deported to Mexico. Petitioner appealed to the Board of Immigration Appeals ("BIA") and, on October 15, 1999, the BIA upheld the IJ's ruling and dismissed Petitioner's appeal. On November 15, 1999, Petitioner appealed the decision of the BIA to the United States Court of Appeals for the Fifth Circuit. On August 3, 2000, Petitioner was removed to Mexico. On August 21, 2000, upon Petitioner's own motion, the Fifth Circuit dismissed Petitioner's appeal.

On December 23, 2001, Petitioner reentered the United States without permission and was arrested by United States Border Patrol agents. On January 23, 2002, the INS issued Petitioner a Notice of Intent/Decision to Reinstate Prior Order, notifying him that the Attorney General intended to reinstate the prior order of removal against him.

On February 5, 2002, Petitioner filed a "Verified Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" ("Habeas Petition") pursuant to 28 U.S.C. § 2241. By Order entered that same day, this Court ordered Respondent not to deport Petitioner until his Habeas Petition could be heard.

On March 1, 2002, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to State a Claim Upon Which Relief Can Be Granted," which the Court denied by Order entered on November 1, 2002. By separate Order entered on November 7, 2002, the Court ordered Respondent to show cause why the relief Petitioner requests should not be granted. The instant Motion followed in which Respondent asks the Court to dismiss the Habeas Petition pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss an action for lack of subject matter jurisdiction. FED.R.CIV.P. 12(b)(1). On a motion brought under Rule 12(b)(1), a court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998) (internal quotation marks removed) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)). The court must limit its inquiry to facts stated in the complaint and the documents either attached to or incorporated in the complaint. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996). Further, the court must accept as true all material allegations in the complaint, *Kaiser Aluminum & Chem. Sales, Inc., v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), and must review those allegations in a light most favorable to the plaintiff. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995); *Garrett v. Commonwealth Mortgage Corp. of Am.*, 938 F.2d 591, 593 (5th Cir.1991). The court also may "consider matters of which [it] may take judicial notice," *Lovelace*, 78 F.3d at 1017–18, and matters of public

record. 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed.1990).

## DISCUSSION

■ In his Habeas Petition, Petitioner asserts that he is being detained unlawfully by the INS. Petitioner argues that the December 7, 1998 Order of Removal (the "Removal Order") was unlawful. Petitioner relies on the Fifth Circuit's opinion in *United States v. Chapa–Garza,* wherein the court held that felony DWI in Texas is *not* a crime of violence and, thus, not an aggravated felony within the meaning of the INA. 243 F.3d 921, 927 (5th Cir.2001). Among other forms of relief, Petitioner asks the Court to issue an order declaring that the NTA was legally insufficient and violated Petitioner's due process rights.

The January 23, 2002, Notice of Intent/Decision to Reinstate Prior Order was issued to Petitioner by the INS pursuant to § 241(a)(5) of the INA, codified at 8 U.S.C. § 1231(a)(5). Respondent contends that § 241(a)(5) divests the Court of jurisdiction to review Petitioner's executed Removal Order. The Court disagrees.

Section 241(a)(5) provides for reinstatement of removal orders against aliens who illegally reenter:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C.A. § 1231(a)(5) (West 1999). Respondent contends that the language of the statute precludes all review of the underlying removal order in the civil context, including *habeas* review by district courts. In support of its reading of § 241(a)(5), Respondent cites to several cases in which courts have found that they lack jurisdiction to review an underlying order of removal.

### A. *Respondent's Case Cites Do Not Support His Lack of Jurisdiction Argument*

■ Respondent cites to the Fifth Circuit's opinion in *Ojeda–Terrazas v. Ashcroft,* for the proposition that § 241(a)(5) precludes the court from reopening or reviewing the merits of an underlying removal order. 290 F.3d 292, 295 (5th Cir. 2002). Respondent also attempts to draw support from the Ninth Circuit's conclusion in *Alvarenga–Villalobos v. Reno* that due process standards in civil deportation proceedings are less stringent than for criminal illegal reentry proceedings in which the Supreme Court has allowed collateral review of deportation orders. 271 F.3d 1169, 1173 (9th Cir.2001) (hereinafter "*Alvarenga II* ") (distinguishing the Supreme Court's decision in *United States v. Mendoza–Lopez,* 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987)). Finally, without discussing the case, Respondent cites to *Salazar v. Ashcroft* in which the Third Circuit, pursuant to § 241(a)(5), determined that it did not have jurisdiction to review a prior order of removal, but did have jurisdiction to review reinstatement of that order. 38 Fed. Appx. 812, 2002 WL 1389574, *1 (3d Cir.2002).[2] None of these cases, however, addresses the issue before the Court. That is, whether a district court may properly exercise *habeas*

---

**2.** The Court notes that *Salazar* was not selected for publication in the Federal Reporter, and that the court's opinion is deemed "NOT PRECEDENTIAL" under the provisions of Appendix I, Internal Operating Procedure 5.3 of the Local Appellate Rules for the United States Court of Appeals for the Third Circuit.

*corpus* jurisdiction to collaterally review the validity of an underlying deportation when the INS seeks to reinstate that order pursuant to § 241(a)(5). The Court finds that it can.

The cases Respondent cites as authority do not support his assertion that the Court lacks *habeas* jurisdiction in this case. In *Ojeda–Terrazas,* the only Fifth Circuit case to which Respondent cites, the court did not consider a petition filed pursuant to 28 U.S.C. § 2241. Instead, the Fifth Circuit considered a petition "for review of an order of the [INS] reinstating his prior deportation order under § 241(a)(5) of the Immigration and Nationality Act ('INA')." *Ojeda–Terrazas,* 290 F.3d at 294. Specifically, Ojeda–Terrazas challenged the retroactive application of § 241(a)(5)'s reinstatement procedure which was enacted after he illegally reentered the United States. In other words, Ojeda–Terrazas challenged the reinstatement of the removal order, not the validity of the removal order itself. In that context, the court found that, under § 242 of the INA, 8 U.S.C. § 1252, it had jurisdiction to review the reinstatement order. *Id.* at 295. Quoting the language of § 241(a)(5), the court went on to note that its direct review was limited to the reinstatement order itself, and that the court could not "reopen or review" the merits of the underlying removal order. *Id.* The court's conclusion pertained to *its* jurisdiction on *direct* review and has no bearing on the issue before this Court in this case. *See id.* at 295 n. 7 (citing opinions from four other Circuit Courts of Appeals in which the courts found that they had jurisdiction to review the reinstatement of a previous order of deportation). Nowhere did the *Ojeda–Terrazas* court discuss *habeas corpus* jur-

isdiction of a district court to review, in the context of reinstatement proceedings under § 241(a)(5), the validity of the prior order of removal the INS seeks to reinstate.

In *Alvarenga II,* the Ninth Circuit considered a district court's denial of a petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241. 271 F.3d at 1170. In considering § 242(a) of the INA, 8 U.S.C. § 1252(a), the district court found that "[i]t is clear under Ninth Circuit precedent that section 2241 habeas jurisdiction in the district court remains wholly intact despite the various jurisdictional limitations of the Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)...." *Alvarenga–Villalobos v. Reno,* 133 F.Supp.2d 1164, 1166 (N.D.Cal. 2000) (hereinafter "*Alvarenga I* ") (citation omitted). The district court went on to consider the *habeas* petition in which the petitioner asked the court to remand his case to the IJ with orders to conduct a hearing to determine if the petitioner was eligible for discretionary relief under former INA § 212(c). *Id.* at 1166. The petitioner asserted that the prohibition in § 241(a)(5) against reopening or reviewing his removal order did not apply to him. *Id.* The district court held that § 241(a)(5) constituted a statutory bar to the review of the previous order of deportation requested by petitioner. *Id.* at 1168. The district court went on to consider whether that bar was constitutional. *Id.* The court found that, because the IJ's ruling was not unlawful, due process did not require that the petitioner be allowed to collaterally attack his deportation order. *Id.* at 1169.[3] The Ninth Circuit agreed and affirmed the decision of the district court. *Alvarenga II,* 271 F.3d at 1174.[4] · Unlike the case before

---

**3.** The court's determination that due process was not implicated because the underlying removal order was lawful leaves unanswered the constitutional question where the underlying removal is *un*lawful.

**4.** Though *Alvarenga I* was decided prior to the Supreme Court's decision in *I.N.S. v. St. Cyr,* discussed below, *Alvarenga II* was decided several months after *St. Cyr.* Curiously, the

this Court, the petitioner in *Alvarenga I and Alvarenga II* did *not* ask for the district court to invalidate the underlying deportation order. He asked the court to direct the IJ to reopen and review. As discussed, the court determined that § 241(a)(5) precluded the review petitioner requested.

Finally, in the non-precedential opinion in Salazar, the Third Circuit considered a petition for review in which the petitioner argued that reinstatement of a prior removal order without a hearing, as provided for in § 241(a)(5), violated his due process rights. 38 Fed. Appx. at 813, 2002 WL 1389574 at *1. The court found that it had jurisdiction to review the order reinstating the prior order of removal, but did not reach the merits of petitioner's due process argument because the petitioner had failed to show prejudice. *Id.* at 814, 2002 WL 1389574 at *1. The Court finds no support in *Salazar* for Respondent's position that § 241(a)(5) precludes *habeas* jurisdiction in this case.

### B. *The Court Retains Habeas Jurisdiction*

Neither Respondent nor Petitioner cite to any Supreme Court or Fifth Circuit cases that directly answer the issue before the Court in this cause, and the Court is aware of none. Therefore, the Court is of the opinion that it must apply the sound reasoning proffered by the Supreme Court in *I.N.S. v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). In *St. Cyr,* the Court considered whether the 1996 amendments to the INA found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") stripped the courts of *habeas* jurisdiction under 28

U.S.C. § 2241. *Id.* at 292, 121 S.Ct. at 2275. At issue in *St. Cyr* was § 401(e) of the AEDPA, and three provisions of the IIRIRA, codified at 8 U.S.C. § 1252(a)(1), 1252(a)(2)(c), and 1252(b)(9). Following an instructive review of the purpose and history of *habeas* jurisdiction, *id.* at 300–08, 121 S.Ct. at 2279–84, the Court held that AEDPA's purported repeal of statutorily granted *habeas* jurisdiction "cannot be sufficient to eliminate what it did not originally grant—namely, habeas jurisdiction pursuant to 28 U.S.C. § 2241." *Id.* at 310, 121 S.Ct. at 2285. The Court continued by considering the relevant provisions of IIRIRA.

Title 8 U.S.C. § 1252 provides, in relevant part:

**(a) Applicable provisions**

**(1) General orders of removal**

*Judicial review* of a final order of removal ... is governed only by chapter 158 of Title 28 ...

. . . . .

**(2) Matters not subject to *judicial review***

. . . .

**(C) Orders against criminal aliens**

Notwithstanding any other provision of law, *no court shall have jurisdiction to review* any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [certain sections] of this title

. . .

. . . . .

**(b) Requirements for review of orders of removal**

. . . . .

Ninth Circuit chose not to incorporate the reasoning of *St. Cyr* into the *Alvarenga II* opinion.

**(9) Consolidation of questions for judicial review**

> *Judicial review* of all questions of law and fact ... arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in *judicial review* of a final order under this section.

8 U.S.C.A. § 1252 (West 1999) (emphasis added). Seizing on the terms "judicial review" and "jurisdiction to review," emphasized above, the Court noted that, in the immigration context, " 'judicial review' and 'habeas corpus' have historically distinct meanings." *Id.* at 311, 121 S.Ct. at 2285 (citing *Heikkila v. Barber,* 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972 (1953)). The Court concluded that, in the absence of a judicial forum in which to answer a question of law, and a lack in the statute of a "clear, unambiguous, and express statement of congressional intent to preclude judicial consideration on habeas of such an important question of law," AEDPA and IIRIRA had not repealed *habeas* jurisdiction under § 2241. *Id.* at 314, 121 S.Ct. at 2287.

In *Smith v. Ashcroft,* the Fourth Circuit Court of Appeals, applying the reasoning in *St. Cyr,* determined that § 241(a)(5) did not preclude *habeas* jurisdiction where the petitioner's challenge implicated the validity of a prior order of removal that the INS intended to reinstate under § 241(a)(5). 295 F.3d 425, 428–29 (4th Cir.2002). The Court agrees with the Fourth Circuit's reasoning in *Smith.*

The operative phrase in § 241(a)(5) provides that "the prior order of removal is ... not subject to being reopened or *reviewed* ...." 8 U.S.C.A. § 1231(a)(5) (West 1999) (emphasis added). Nowhere in § 241(a)(5) has Congress made a "clear, unambiguous, and express statement of congressional intent to preclude judicial consideration on habeas." *See St. Cyr,* 533

U.S. at 314, 121 S.Ct. at 2287. Nor has Congress done so elsewhere in the AEDPA or the IIRIRA. *Id.* The language of § 241(a)(5) is notably similar to the IIRIRA provisions at issue in *St. Cyr,* specifically in its use of the term "review" and the absence of the term "habeas." Moreover, an absence of *habeas* review in the context of proceedings under § 241(a)(5) that involve a question of law would most certainly "raise constitutional concerns similar to those expressed by the *St. Cyr* Court." *Smith,* 295 F.3d at 429.

■ Finally, Respondent argues that if Petitioner believed his removal was invalid, he should have appealed to the Fifth Circuit "as the alien in *Chapa–Garza* did." First, pursuant to INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii)," the section under which Petitioner was removed. Needless to say, even though Petitioner filed and later withdrew his appeal of his removal proceedings, review was not available to him in the Fifth Circuit. *DeLeon–Holguin v. Ashcroft,* 253 F.3d 811, 815 (5th Cir.2001) (holding that court could not consider on direct review a challenge to removal order against alien convicted of aggravated felonies).

Furthermore, Respondent's attempt to equate Petitioner's case to *United States v. Chapa–Garza* is misplaced. The defendants in *Chapa–Garza* appealed the sentences imposed in their criminal convictions under 8 U.S.C. § 1326 for illegal reentry, contesting whether Texas felony DWI is an aggravated felony under § 2L1.2(b)(1)(A) of the United States Sentencing Guidelines. *Chapa–Garza,* 243 F.3d at 923. Section 2L.12(b)(1)(A) draws the definition of "aggravated felony" from

8 U.S.C. § 1101(a)(43)(F). Pursuant to 8 U.S.C. § 1101(a)(43)(F), an aggravated felony includes a crime of violence as defined in 18 U.S.C. § 16(b). The court held that Texas felony DWI was not a "crime of violence" under 18 U.S.C. § 16(b), and therefore is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). *Chapa–Garza*, 243 F.3d at 927. Although the court's interpretation of the Texas felony DWI statute has application across a wide spectrum of the immigration laws, *Chapa–Garza* did not include challenging the validity of a prior order of deportation, as in the instant case.

## CONCLUSION

It is clear that § 241(a)(5) precludes direct judicial review of a prior order of removal which the INS seeks to reinstate upon the illegal reentry of a previously deported alien into the United States. It is also clear that § 241(a)(5) does not preclude judicial review of the reinstatement order itself that reinstates, under § 241(a)(5), the prior order of removal. Finally, applying the Supreme Court's reasoning in *St. Cyr*, and agreeing with the Fourth Circuit in *Smith*, the Court finds that § 241(a)(5) does not divest this Court of *habeas* jurisdiction to consider the question-of-law claim raised by Petitioner in this case.

The Court notes that in the instant Motion to Dismiss, Respondent predominantly argues the jurisdictional issue settled above, while seeming to treat the merits of Petitioner's case in the alternative. The Court is therefore of the opinion that Respondent should file with the Court a supplement to its response wherein it should more thoroughly address the merits of Petitioner's Habeas Petition. Of course, Petitioner may respond to Respondent's supplement.

**IT IS HEREBY ORDERED** that Respondent's "Return and Motion to Dismiss for Lack of Jurisdiction" is **DENIED.**

**IT IS FURTHER ORDERED** that **on or before April 2, 2003,** Respondent **FILE** a supplement to its response to the merits of Petitioner Servando Sifuentes–Barraza's "Amended Verified Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief."