# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-60165
Summary Calendar

WILBER OMAR MENDOZA-HERNANDEZ

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 003 759

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Wilber Omar Mendoza-Hernandez, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' (BIA) order affirming the denial by the immigration judge (IJ) of Mendoza's August 2006 motion to reopen his deportation proceeding. Mendoza was ordered deported *in absentia* in February 1996, after he failed to appear for his deportation hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Mendoza's deportation proceeding was instituted before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), 110 Stat. 3009-546 (1996), his motion to reopen is governed by the law predating IIRIRA, particularly 8 U.S.C. § 1252b (repealed 1996). *See Assaad v. Ashcroft*, 378 F.3d 471, 473-74 n.1 (5th Cir. 2004); *DeLeon-Holguin v. Ashcroft*, 253 F.3d 811, 814-15 (5th Cir. 2001).

Where, as here, the IJ's decision affects the BIA's decision, we may review both. *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). Denials of motions to reopen are reviewed under "a highly deferential abuse-of-discretion standard". *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision must stand as long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

Mendoza claims: he did not receive notice of his deportation hearing; the person he retained to represent him failed to provide the Immigration and Naturalization Service (INS) with an address where notice of the deportation hearing could be sent; this failure constituted ineffective assistance of counsel, which qualified as an exceptional circumstance and a basis for reopening his proceeding; and his counsel's ineffectiveness warranted application of the doctrine of equitable tolling of the temporal limitation on his motion to reopen. Mendoza's contentions are without merit.

The order to show cause (OSC) issued to Mendoza in November 1995 met all statutory requirements. Additionally, the BIA's factual finding that Mendoza understood the OSC and the consequences of not providing an address is supported by substantial evidence. *See Arif v. Mukasey*, 509 F.3d 677, 679 (5th Cir. 2007).

When Mendoza's proceeding commenced, a deportation order entered *in absentia* was subject to rescission on a motion to reopen filed at any time "if the

alien demonstrate[d] that the alien did not receive notice in accordance with subsection (a)(2) of this section". 8 U.S.C. § 1252b(c)(3)(B) (repealed); *see also* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2). The statute, however, specifically obviated the necessity of notice of the time and place of a deportation proceeding if the alien failed to provide a written record of an address where he might be contacted. *See* 8 U.S.C. §§ 1252b(c)(2), (3)(B) (both repealed). Accordingly, as Mendoza did not provide an address, he is not entitled to relief under 8 U.S.C. § 1252b(c)(3)(B). *See United States v. Estrada-Trochez*, 66 F.3d 733, 736 (5th Cir. 1995) (stating that the "ultimate fault" lay with the petitioner for failing to comply with a law that required him to provide an address that was "essential to the administration of the INS").

When Mendoza's proceeding commenced, an alien could also move to reopen an *in abstentia* deportation order within 180 days after its date on the basis "that the failure to appear was because of exceptional circumstances". 8 U.S.C. § 1252b(c)(3)(B)(repealed); *see also* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) ("exceptional circumstances beyond the control of the alien"). To the extent that Mendoza attempts to demonstrate that his claimed lack of effective counsel was an exceptional circumstance within the meaning of 8 U.S.C. § 1252b(c)(3)(A), the effort fails because his motion was not filed within 180 days of the February 1996 deportation order.

Nor can Mendoza prevail on an equitable-tolling claim. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008). "[A] request for equitable tolling of a time- or number-barred motion to reopen on the basis of ineffective assistance of counsel is" essentially a contention that the BIA, or the IJ, should have *sua sponte* reopened the proceeding based upon the doctrine of equitable tolling. *Id.* at 220. But we are without jurisdiction to review a deportation proceeding reopened by the IJ or the BIA *sua sponte* because we have "no legal standard by which to judge the IJ's ruling". *Id.*

The BIA did not abuse its discretion in adopting and affirming the IJ's denying Mendoza's motion to reopen. *See Zhao*, 404 F.3d at 303. The petition for review is

DENIED.